UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JACKIE OWENS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.,*

    *Respondents*.

Case No. 2:16-cv-00400-RFB-PAL

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds based on the materials submitted that petitioner is not able to pay the filing fee within a reasonable period of time. The Court therefore will grant the pauper application and proceed to initial review.

Following initial review, it appears that the Court lacks jurisdiction over the petition because it constitutes a successive petition. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of jurisdiction.

Petitioner Jackie Owens seeks to set aside his Nevada state judgment of conviction, pursuant to a jury verdict, of sexual assault, in No. 78C041647 in the state district court.[1]

/ / / /

---

[1] In addition to the papers submitted and material available through online legal research, the Court takes judicial notice of the online docket records of the state district court and the Ninth Circuit. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from: https://www.clarkcountycourts.us/Anonymous/default.aspx.

1     Petitioner acknowledges in the petition form that he challenged the same judgment of conviction previously in this Court in No. 3:81-cv-00180-ECR and that the prior petition was denied on the merits. Online legal research confirms that the 1981 federal petition was denied on the merits. *See Owens v. Wolff*, 532 F.Supp. 397 (D. Nev. 1981).

    It further appears that petitioner filed at least one additional petition in this Court in No. 2:86-cv-00599-LDG and that the single claim reached therein also ultimately was denied on the merits. *See Owens v. Sumner*, 951 F.2d 361 (9th Cir. 1991)(text of unpublished disposition available on Westlaw); *Owens v. Sumner*, 878 F.2d 386 (9th Cir. 1989)(same; action on a prior appeal in the same case).

    Review of the state district court's online docket sheet reflects that there have been no intervening amended or corrected judgments of conviction subsequent to the original judgment of conviction.

    Petitioner asserts in the petition form that he has been given permission by the Ninth Circuit to file the current successive petition. (ECF No. 1-1, at 2.) However, the Court was unable to find a proceeding on the Ninth Circuit's online docket in which such permission was granted.

    Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007). In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in, *inter alia*, No. 3:81-cv-00180. The present petition constitutes a second or successive petition because that prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Petitioner accordingly must show cause why the petition should not be dismissed for lack of jurisdiction as a successive petition.

    IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

1    IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[2] and that,
2 within sixty (60) days of entry of this order, petitioner shall SHOW CAUSE in writing why the
3 petition should not be dismissed for lack of jurisdiction as a successive petition. If petitioner
4 does not timely respond to this order, the petition will be dismissed as a successive petition
5 without further advance notice.

6    IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response
7 to this show-cause order must be detailed, must be specific as to time and place, and must
8 be supported by competent evidence. The Court will not consider any assertions of fact that
9 are not specific as to time and place, that are not made pursuant to a declaration under
10 penalty of perjury based upon personal knowledge, and/or that are not supported by
11 competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies
12 of all materials upon which he bases his argument that the petition should not be dismissed
13 as a successive petition. Unsupported assertions of fact will be disregarded.

14    IT IS FURTHER ORDERED that petitioner shall attach with his response a copy of any
15 order obtained from the Ninth Circuit authorizing him to file the present successive petition.

17    DATED: March 12, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge

---

[2] Nothing herein suggests that the current petition is free of other deficiencies, including, but not limited to untimeliness under 28 U.S.C. § 2244(d). Additionally, while petitioner signed the verification for the petition, he did not sign the petition itself; and both signatures are required. The Court defers consideration of any additional issues until after it determines whether it has jurisdiction in the first instance.