UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACKIE OWENS,<br><br>    *Petitioner*,<br><br>vs.<br><br>BRIAN WILLIAMS, *et al.,*<br><br>    *Respondents*. | Case No. 2:16-cv-00400-RFB-PAL<br><br>**ORDER** |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a pending *sua sponte* inquiry into whether the petition is subject to dismissal for lack of jurisdiction as a successive petition. The prior show-cause order outlines the relevant procedural background. (See ECF No. 4.)

Following review, the Court *sua sponte* reconsiders its prior denial without prejudice of petitioner's motion for appointment of counsel and grants the motion.

Given the age of the old files, the records from petitioner's prior 1981 and 1986 closed habeas actions were not imaged onto the electronic docketing system, CM/ECF. When the Court sought to obtain the old physical records from the federal archives center in connection with the current show-cause inquiry, court staff was informed that the records had been destroyed in 2011 pursuant to the center's document "retention" policy. The Clerk has been able to locate copies of the docket sheets from the two cases and of certain orders and judgments from the 1986 action, copies of which will be attached as court exhibits to this order. Judge Reed's order dismissing the 1981 action further was published. *See Owens v.*

*Wolff*, 532 F.Supp. 397 (D. Nev. 1981). The Ninth Circuit's unpublished orders on petitioner's 1986 petition also are available on Westlaw. *See Owens v. Sumner*, 951 F.2d 361 (9th Cir. 1991)(text of unpublished disposition available on Westlaw); *Owens v. Sumner*, 878 F.2d 386 (9th Cir. 1989)(same; action on a prior appeal in the same case). However, these indicia notwithstanding, the official records for the 1981 and 1986 actions apparently no longer exist.[1]

In its independent research, the Court has not as yet located any precedent addressing the impact of the destruction of a prior federal habeas official suit record on the question of whether a later petition properly may be dismissed as successive. It is subject to at least possible debate whether a court can take judicial notice of a prior suit record when the official record no longer exists.

The successive-petition issue in this action therefore presents an issue that potentially might warrant the grant of a certificate of appealability in the event of a dismissal of the petition for lack of jurisdiction as a successive petition. The Court accordingly finds that appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) would be in the interests of justice, so that, *inter alia*, petitioner's position on the issue can be effectively presented in this Court and possibly also in the Court of Appeals. Appointed counsel further will be able to investigate whether petitioner has a viable basis to overcome potentially applicable procedural bars and/or to present any other appropriate claims or requests for relief in this Court or the Court of Appeals.

**IT IS THEREFORE ORDERED** that, on *sua sponte* reconsideration, the Court's denial of its prior order (ECF No. 3) of petitioner's motion (ECF No. 2) for appointment of counsel is VACATED and that the motion is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

---

[1] Petitioner recently attached a copy of an order of dismissal also from No. 2:82-cv-00151-HEC. (ECF No. 9, at 2-3.) The Court has not sought to determine as yet whether the official suit record from this similar vintage action also has been destroyed and/or whether copies of docket sheets and old orders otherwise remain available. The Court proceeds to appoint counsel now so that this action may proceed forward expeditiously to an appropriate resolution.

1 **IT IS FURTHER ORDERED** that the Federal Public Defender shall be provisionally
2 appointed as counsel and shall have **thirty (30) days** to undertake direct representation of
3 petitioner or to indicate to the Court the office's inability to represent petitioner in these
4 proceedings.  If the Federal Public Defender is unable to represent petitioner, the Court then
5 shall appoint alternate counsel.  A deadline for the filing of an amended petition and/or
6 seeking other relief will be set after counsel has entered an appearance.  The Court
7 anticipates, given the number of potential claims herein and the associated investigation
8 potentially involved, setting the deadline for approximately **one hundred twenty (120) days**
9 from entry of the formal order of appointment.  Any deadline established and/or any extension
10 thereof will not signify any implied finding of a basis for tolling during the time period
11 established.  Petitioner at all times remains responsible for calculating the running of the
12 federal limitation period and timely presenting claims.  That is, by setting a deadline to amend
13 the petition and/or by granting any extension thereof, the Court makes no finding or
14 representation that the petition, any amendments, and/or any claims contained therein are
15 not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

16 **IT IS FURTHER ORDERED**, so that the respondents may be electronically served with
17 any papers filed through counsel, that the Clerk shall add state attorney general Adam P.
18 Laxalt as counsel for respondents and shall make informal electronic service of this order
19 upon respondents by directing a notice of electronic filing to him.  Respondents' counsel shall
20 enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
21 response shall be required from respondents until further order of the Court.

22 The Clerk further shall: (1) attach, as court exhibits or attachments to this order, copies
23 of: (a) the available docket sheets in 3:81-cv-00180-ECR and 2:86-cv-0599-LDG; and (b) the
24 available orders and judgments of dismissal, docket numbers 18, 19, 43, and 44, from 2:86-
25 cv-0599;[2] (2) provide copies of all prior filings herein to both the Attorney General and the

---

28 [2]Daniel Morgan in the Reno Clerk's office and Araceli Bareng in the Las Vegas office have access to the items listed in the text.

Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing; and (3) send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: June 11, 2018.

  
RICHARD F. BOULWARE, II  
United States District Judge