# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

* * *

JACKIE OWENS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

Case No. 2:16-cv-00400-RFB-PAL

ORDER

Following upon the entry of appearance (ECF No. 13) by the Federal Public Defender,

IT IS ORDERED that the Federal Public Defender, through Jason F. Carr, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that petitioner shall have until up to and including **one hundred twenty (120) days** from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within **sixty (60) days** of service of an amended petition and that petitioner may file a reply within **thirty (30) days** of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

**IT IS FURTHER ORDERED that – for this particular case – if respondents seek the dismissal of the petition as a successive petition, they shall present that defense separately in a motion to dismiss without then also raising other possible defenses.** While the Court generally disfavors serial presentation of procedural defenses, for this particular case, it would prefer to take up and consider any successive petition issue raised by respondents prior to any consideration of any other issues in the case.

IT IS FURTHER ORDERED that any other procedural defenses raised by respondents to the counseled amended petition, thereafter, shall be raised together in a single consolidated motion to dismiss. In other words, as to any defenses other than a successive petition defense, the Court does not wish to address any such procedural defenses either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss pursuant to this particular paragraph will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss, subject to the preceding paragraph herein.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, etc.).

IT IS FURTHER ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the **Reno Clerk's Office**.

DATED: September 6, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge